10-1750-ag
You v. Holder

BIA
Weisel, IJ
A094 924 329

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
ROSEMARY S. POOLER,
PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges*.

_____

JIN YOU,
*Petitioner*,

v.                                              10-1750-ag,
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Jin You, *pro se*, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony W. Norwood, Senior
                       Litigation Counsel; Micheline
                       Hershey, Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jin You, a native and citizen of China, seeks review of an April 12, 2010, order of the BIA affirming the April 1, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin You*, No. A094 924 329 (B.I.A. Apr. 12, 2010), *aff'g* No. A094 924 329 (Immig. Ct. N.Y. City Apr. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Even liberally construed, *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002), You's arguments challenging the agency's adverse credibility determination are unavailing. The inconsistency between You's testimony and prior statements provides substantial evidence supporting the IJ's adverse credibility determination.

At interviews before immigration officials on March 7 and 23, 2007, You first stated that family planning officials were searching for him because either his wife was pregnant or they had a second child. He later explained that when his wife was pregnant with their second child, family planning officials came to their home and forcibly tried to take her to undergo an abortion, but You grabbed a knife and hit one of the officials on the hand. In his asylum application and at his merits hearing, however, You stated that the family planning claim was not true, that he had been coached by a snakehead to give that statement, and that he actually had been persecuted because of his practice of Falun Gong. You explained that the snakehead threatened

2

that he would be sent back to China and would thus be unable to pay a $70,000 smuggling fee if he did not tell the fabricated story.

When discrepancies arise from an applicant's statements in an airport or credible fear interview, we closely examine the record of the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004) (airport interviews); *Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009) (credible fear interviews). We generally look to: (1) whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript; (2) whether the questions posed to the applicant seem designed to elicit the details of an asylum claim; (3) whether the applicant appears to have been reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences in his or her home country; and (4) whether the applicant's answers to the questions posed suggest that he or she did not understand English or the translations provided by the interpreter. *Ramsameachire*, 357 F.3d at 179-80. In particular, "because those most in need of asylum may be the most wary of governmental authorities," the agency must recognize that an applicant may not be entirely forthcoming in an initial interview. *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005) (quoting *Ramsameachire*, 357 F.3d at 179). However, an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation. *See Zhang*, 585 F.3d at 725-26; *Guan v. Gonzales*, 432 F.3d 391, 396, 397 n.6, 399 n.8 (2d Cir. 2005).

You argues only that the agency should have accepted his explanation that he was coerced by the snakeheads. The IJ, however, acted within his discretion in discrediting this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (an

3

IJ is not required to "explain in precise detail what made each identified act implausible"; rather, if "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence). Moreover, the REAL ID Act permits the agency to base a credibility finding on any inconsistency, 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), the inconsistencies between You's asylum application and testimony and his earlier statements to asylum officials at the airport and in the credible fear interview provide substantial evidence supporting the agency's adverse credibility determination. As You's claims all were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4